UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD O. WILLIAMS,

    Petitioner,

v.                                          Case No. 5:07-cv-97-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## ORDER DENYING PETITION

Petitioner initiated this pro se case by filing a "Petition for All Writs," construed as a Petition for a writ of habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). Petitioner is in the custody of the Department of Corrections pursuant to his 2001 nolo contendere plea and conviction of carjacking.[1] The instant Petition challenges a prison disciplinary case in which Petitioner was sanctioned with the loss of gain time and other privileges pursuant to a DOC regulation authorizing the imposition of sanctions in accordance with Fla. Stat. § 944.279, which provides that a prisoner may be subject to prison disciplinary procedures if a state court has made findings that the prisoner has engaged in frivolous or malicious litigation. The Respondent has filed a response and an appendix, and Petitioner has filed a reply. See Docs. 9, 10. For the following reasons, the Court concludes that the Petition must be

---

[1]This court denied a Petition challenging Petitioner's conviction in Williams v. Dep't of Corrections, case number 04-cv-427 (M.D. Fla. 10/17/08).

denied.

## Standard of Review

A state prisoner may seek federal habeas review of the loss of gain time as a result of a state prison disciplinary proceeding that allegedly violates his due process rights, but such habeas review is governed by the restrictions set forth under 28 U.S.C. § 2254. Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003). Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's petition pursuant to 28 U.S.C. § 2254 is limited. See Williams v. Taylor, 529 U.S. 362, 403-404 (2000). Specifically, pursuant to § 2254(d)(1), the writ may issue only if (1) the state court's adjudication resulted in a decision that "(1) 'was contrary to . . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) "involved an unreasonable application of . . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 412-13 (quoting 28 U.S.C. § 2254(d)(1)).

In view of these governing standards, a federal court may not undertake a *de novo* review of the merits of a claim that a petitioner's due process rights were violated in connection with a prison disciplinary case. Rather, Medberry requires that the district court review a claim only to determine whether the state court's application of clearly established federal law was unreasonable. Medberry, 351 F.3d at 1054 n. 5.

The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 447 (1985).

## Discussion

On August 18, 2006, a three-judge panel of the Florida Fifth District Court of Appeal entered the following order:

> Because of [Petitioner's] ten previous unsuccessful collateral appearances here, when Petitioner filed his eleventh pleading, a mandamus petition, this court issued a show cause order pursuant to State v. Spencer, 751 So. 2d 47 (Fla. 1999). . . . .
>
> We now deny Williams' mandamus petition on the merits and hold that he is barred from further *pro se* filings in this court on the basis that his present petition is frivolous and an abuse of process. See Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough."); see also Glasco v. State, 914 So. 2d 512, 512 (Fla. 5th DCA 2005) (recognizing frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial

3

> impatience with all defendants); Britt v. State, 931 So. 2d 209, 210 (Fla. 5th DCA 2006) (finding that defendant's *pro se* filings had become frivolous, an abuse of process, and a waste of the taxpayer's money).
>
> Accordingly, in order to conserve judicial resources, we prohibit Williams from filing with this Court any further *pro se* pleading concerning [his case]. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Petitioner. Any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of the Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v, State, 909 So. 2d 427, 428 (Fla. 5th DCA 2005).
>
> PETITION DENIED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.

936 So. 2d 1157, 1158 (Fla. 5th DCA 2005).

Subsequently, on September 11, 2006, the DOC issued a disciplinary report (DR) to Petitioner for violating DOC regulations prohibiting the filing of frivolous or malicious court cases. See Fla. Admin. Code Rule 33-601.314 (9-32) (authorizing disciplinary cases for prisoners "found by the court to have brought a frivolous or malicious suit, action, claim, proceeding or appeal in any court, or to have brought a frivolous or malicious collateral criminal proceeding or found by the court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court."). See Resp. Exh. 4. Following a hearing, Petitioner was found guilty and punished with 60 days in disciplinary confinement and the loss of

364 days of gain time.  See Exh. 8, 9.  The written basis for the decision was the state-court opinion quoted above, although the written basis incorrectly cited the date of the order as "8/8/06".  See Exh. 9.  After unsuccessfully pursuing prison administrative remedies, in which Petitioner argued, *inter alia*, that the decision was based on a non-existent court order, Petitioner filed the instant Petition.[2]

The Petition consists largely of a recitation of Petitioner's lengthy state-court filing history.  See Doc. 1.  The gravamen of Petitioner's claims in this case is that punishment with loss of gain-time for pursuing claims in state court violates his constitutional rights.  Petitioner makes no cogent argument that he was denied procedural due process in connection with the disciplinary case.  Based upon a review of the record, the Court finds that Petitioner was afforded all process required by the Constitution in his disciplinary proceeding, and that the finding of guilt was supported by "some evidence" in the form of the state-court opinion finding that Petitioner engaged in frivolous litigation.  See  Wolff, 418 U.S. at 563-66; Superintendent, Mass. Corr. Inst., 472 U.S. at 447.

To the extent that Petitioner argues that he was denied substantive due process in connection with the disciplinary case, his claims also fail.  Federal habeas

---

[2]Respondent contends that the Petition should be dismissed because Petitioner did not exhaust state-court remedies regarding his disciplinary case.  Petitioner counters that such remedies are unavailable due to the 5th DCA's prohibition on further *pro se* filings by Petitioner.  It is unnecessary to determine whether Petitioner exhausted his state remedies, because he is not entitled to relief on the merits of the Petition and this Court can deny habeas relief notwithstanding the exhaustion of state remedies. See 28 U.S.C. § 2254(b)(1)(A).

relief is available only to redress violations of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254.  There is no constitutional right to file frivolous court cases or abuse the judicial process.  "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  <u>Winslow v. Hunter</u>, 17 F.3d 314, 315 (10th Cir. 1994).   The state court's findings that Petitioner engaged in frivolous state-court litigation and abused the state court's judicial process are determinations that are entitled to deference in this Court; it is not the province of this Court to "reexamine state-court determinations on state-law questions."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

Petitioner has also filed a motion for reconsideration (Doc. 14) of the magistrate judge's order denying Petitioner's motion for "injunctive relief," which the magistrate judge construed as a request for determination on the merits of this case.  <u>See</u> Doc. 13.  Because the Court has determined that Petitioner is not entitled to relief on the merits of his Petition and accordingly no injunctive relief is warranted, the motion for reconsideration is moot and is **DENIED.**

## **<u>Conclusion</u>**

For the foregoing reasons, the Petition is **DENIED**.  The Clerk is directed to enter judgment denying the Petition and dismissing this case with prejudice,

terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 22ⁿᵈ day of May 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Petitioner
   Counsel of Record